IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 12, 2012

## STATE OF TENNESSEE v. MARCUS DEANGELO LEE a/k/a MARCUS DEANGELO JONES

**Direct Appeal from the Criminal Court for Shelby County**
**No. 95-10473   James Lammey, Judge**

_____

**No. W2011-02160-CCA-R3-CD  - Filed July 17, 2012**

_____

In 1995, the Defendant, Marcus Deangelo Lee a/k/a Marcus Deangelo Jones, pled guilty to possession of cocaine with intent to sell, unlawful possession of a deadly weapon with intent to commit a crime, and sale of cocaine, and the trial court sentenced him to three years in the county workhouse.  Between 2006 and present, the Petitioner has filed several pleadings challenging his convictions, including a petition for a writ of error coram nobis, a post-conviction petition, a motion for delayed appeal, and a motion to reopen his post-conviction proceedings.  All of these motions were denied or dismissed, and this Court affirmed their denial or dismissal.  In 2011, the Petitioner filed a "Motion For Clarification and Correction of Clerical Error in Judgment . . . [,]" alleging that the 1995 handwritten judgments were obscured and illegible.  The trial court reviewed the judgments, found them legible and without error, and denied the Defendant's motion.  It is from this judgment that the Defendant now appeals.  Finding that the Defendant has no right of appeal from the denial of a Motion to Correct a Clerical Error, the Defendant's appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JEFFREY S. BIVINS and ROGER A. PAGE, JJ., joined.

Marcus Deangelo Lee a/k/a Marcus Deangelo Jones, Memphis, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

The Defendant recently filed an appeal to this Court of the trial court's denial of his motion to reopen post-conviction proceedings. We granted the State's Rule 20 request, and affirmed the trial court's judgment. In so doing, we stated the facts underlying the motion as follows:

> On December 11, 1995, the [Defendant] entered guilty pleas to possession of cocaine with intent to sell, unlawful possession of a deadly weapon with intent to commit a crime, and sale of cocaine. He received an effective sentence of three years in the county workhouse. On May 8, 2006, the Petitioner filed a petition for writ of error coram nobis. The trial court summarily dismissed the petition, and this Court affirmed the lower court's judgment. *See Marcus Deangelo Lee v. State*, No. W2006-02031-CCA-R3-CO, 2007 Tenn. Crim. App. LEXIS 421, 2007 WL 1575220 (Tenn. Crim. App., at Jackson, May 31, 2007). On June 25, 2008, the [Defendant] filed a motion to reopen post-conviction proceedings and a motion for a belated appeal. The trial court treated the motion as both an original post-conviction relief petition and a motion to reopen and dismissed them both. This Court affirmed the dismissal. *See Marcus Deangelo Lee v. State*, No. W2009-00256-CCA-R3-PC, 2009 Tenn. Crim. App. LEXIS 686, 2009 WL 2517043 (Tenn. Crim. App., at Jackson, Aug. 18, 2009), *perm. to appeal denied* (Tenn. Jan. 25, 2010). On September 10, 2009, the [Defendant] filed a "motion for delayed appeal and post-conviction relief." The trial court summarily dismissed the motion, and this Court affirmed the dismissal. *See Marcus D. Lee v. State*, No. W2009-02478-CCA-R3-PC, 2010 Tenn. Crim. App. LEXIS 439, 2010 WL 2219659 (Tenn. Crim. App., at Jackson, May 27, 2010), *perm. to appeal denied* (Tenn. Oct. 21, 2010).
>
> In December 2010, the [Defendant] filed a second motion to reopen post-conviction proceedings. Relying upon the United States Supreme Court's decision in *Padilla v. Kentucky*, – U.S.–, 130 S.Ct. 1473, 176 L. Ed.2d 284 (2010), the [Defendant] asserted his plea was not knowingly and voluntarily entered. On January 31, 2011, the trial court entered an order summarily dismissing the motion. On February 11, 2011, the [Defendant] mailed a notice of appeal to the trial court clerk's office, which was filed on February 16, 2011.

*Marcus De Angelo Lee v. State*, No. W2011-01003-CCA-R3-PC, 2011 WL 3849629, at *1 (Tenn. Crim. App., at Jackson, Aug. 31, 2011). Subsequently, on August 1, 2011, the

-2-

Defendant filed a "Motion For Clarification and correction of Clerical Error in Judgment Pursuant to Tennessee Rule of Criminal Procedure 36." He asserted that his 1995 judgments of conviction were handwritten, obscured, and illegible, leading Federal prison officials to misinterpret them. He attached his 1995 judgments, as well as a copy of the transcript from the 1995 plea submission hearing, to his motion.

The trial court denied the Defendant's motion, finding that the judgments were clear and legible, contained no error, and comported with the proceedings at the plea hearing.

It is from this judgment that the Defendant now appeals.

## II. Analysis

Rule 3(b) of the Tennessee Rules of Appellate Procedure states:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(i) or (iv) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Tenn. R. App. P. 3(b). A trial court's denial of a defendant's Rule 36 motion to correct judgment is not included in Rule 3. *State v. Rickey Hogan*, No. W2006-01337-CCA-R3-CO, 2007 WL 1651877, at *2-3 (Tenn. Crim. App., at Jackson, June 7, 2007), *perm. app. denied* (Tenn. Oct. 22, 2007); *Ciondre T. Moore v. State*, No. E2005-02492-CCA-R3-CD, 2006 WL 2706143, at *2-3 (Tenn. Crim. App., at Knoxville, Sept. 18, 2006); *Terry Penny v. State*, No. E2004-01735-CCA-R3-PC, 2005 WL 3262929, at *2 (Tenn. Crim. App., at Knoxville, Dec. 2, 2005), *perm. app. denied* (Tenn. March 27, 2006); *State v. Cecil Moss*, No. M2005-00279-CCA-R3-CO, 2005 WL 3100097, at *3 (Tenn. Crim. App., at Nashville, Nov. 18, 2005), *perm. app. denied* (Tenn. March 27, 2006). Therefore, Defendant does not have an appeal as of right.

The Defendant implores us in his reply brief to consider his motion as a petition seeking habeas corpus relief. Based on the nature of the Defendant's claims as presented, we decline to do so.

### III. Conclusion

After a thorough review of the record and relevant authorities, we conclude that the trial court did not err when it dismissed the Petitioner's "Motion for Clarification and Correction of Clerical Error in Judgment . . . ." As such, we affirm the judgment of the trial court.


_____
ROBERT W. WEDEMEYER, JUDGE